LEE WILKINS V. THE STATE.

No. 15599.   Delivered February 8, 1933.
Reported in 57 S. W. (2d) 120.

The opinion states the case.

*C. D. Little,* of Pelly, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Upon conviction for driving a motor vehicle upon a public highway while intoxicated, appellant was prohibited from driving any motor vehicle on the highways of this state for a period of two years, and a fine of $500 was assessed against him.

The state relied upon circumstantial evidence. The issue of guilt was closely contested. Mr. Brown, accompanied by his wife and other parties, was driving on State Highway No. 3, between the towns of Stafford and Sugarland. Appellant, accompanied by his three small children and his brother, was approaching the car driven by Mr. Brown. In front of appellant was a truck which was also going toward Mr. Brown's car. Appellant attempted to drive around the truck. Mr. Brown pulled his car off the concrete near a ditch. Instead of passing around the truck, appellant's car went toward the ditch and struck Mr. Brown's car near the headlight on the left-hand side. Appellant's car went into the ditch, and Mr. Brown and one of the occupants of his car were thrown out and ren-

dered unconscious. The state's testimony was to the effect that shortly prior to the collision, appellant's car had been "zigzagging" across the road. Thirty or forty minutes after the accident two empty pint flasks were found in the ditch within a foot of the front wheel of appellant's car. No one testified that the flasks had had whisky in them. After the collision appellant went to a Mexican's house about 250 yards away, where his brother and children had preceded him. No witness to the collision testified that appellant was intoxicated. No person testified to having smelled intoxicating liquor on appellant's breath at the time of the collision. No whisky was found in appellant's automobile. Appellant testified that he had not had any intoxicating liquor prior to the collision and was in no manner under the influence of intoxicating liquor at the time. In this he was coroborated by his brother, who was riding in the automobile with him. Appellant testified, further, that he received some injuries in the collision, and that after reaching the Mexican's house he asked for some whisky and one of the Mexicans gave him two or three drinks of whisky. He said that he sat around the fire in the house about an hour, during which time he became sick. After leaving this Mexican's house appellant went back to the scene of the collision, where he was arrested by officers a little more than an hour after the accident. The officers testified that at the time they arrested appellant he was drunk. Appellant introduced many witnesses who testified that appellant's general reputation for being peaceable and law-abiding was good. The state made no effort to controvert the testimony of these witnesses.

Appellant's first application for a continuance was based on the absence of the Mexican whom he claimed gave him whisky while he was at the Mexican's house. It was averred in the application that this witness would testify, if present, that he saw appellant when he came to the house and that he was not under the influence of intoxicating liquor; that after reaching the house appellant took several drinks of whisky before returning to the scene of the accident. It is clear that the testimony was material. However, in view of the fact that the case must be reversed because of the matter hereinafter discussed, we pretermit further discussion of the application.

As heretofore pointed out, the issue of guilt was closely contested, appellant contending that he was not intoxicated at the time of the collision and had not drunk any intoxicating liquor prior thereto. Shortly before the accident a car occupied by several people was driving behind appellant's car. Mrs.

McCormick, who was riding in this car, testified that she and her companions were about a block and a half behind appellant's car. She testified, further, that she saw appellant move his hand up to his mouth. She was then asked by the district attorney the following question: "As if doing what?" She answered, "Well, as if, I would think, taking a drink of something." Appellant objected on the ground that the last question called for an opinion and conclusion on the part of the witness. The objection was overruled and the answer of the witness went to the jury. The witness did not testify she saw a bottle in appellant's hand. She based her opinion that appellant was taking a drink on the fact that he moved his hand to his mouth. We think the matter constitutes reversible error. From Branch's Annotated Penal Code, sec. 132, we quote, as follows: "An opinion or 'impression' which is a mere guess is not admissible." In support of the text the following authorities, among others, are cited: Dowell v. State, 58 Texas Crim. Rep., 482, 126 S. W., 874; Conde v. State, 33 Texas Crim. Rep., 10, 24 S. W., 415. The statement of the witness was calculated to turn the scales against appellant on the issue as to whether he had been drinking intoxicating liquor prior to the collision.

There is nothing in the record to indicate that there was any danger of an assault being made on appellant because of the fact that his car had collided with that driven by Mr. Brown. There is nothing to show that any one had been killed as the result of the collision. On the contrary, the proof showed that no one had been killed. Appellant's brother was asked by the district attorney, on cross-examination, the following question: "Isn't it a fact that the reason you and your brtoher went to the Mexican's house is because you knew that your brother was driving while he was drunk and that you knew that your brother had killed a man and that you were afraid that the people might jump on you and that is the reason you went to the Mexican's house, and, that is the reason you stayed there, is that a fact?" The bill of exception fails to show the answer of the witness, and hence is insufficient. Without predicating a reversal upon the matter, the opinion is expressed that, under the circumstances, the question of the district attorney was not warranted.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.